**L & L MARINE TRANSPORTATION, INC., Plaintiff,**

v.

**M/V HOKUETSU HOPE, et al., Defendants.**

**Civ. No. 95–0317–AH–M.**

United States District Court, S.D. Alabama, Southern Division.

Aug. 25, 1995.

Todd G. Crawford, New Orleans, LA, for plaintiff.

Sidney H. Schell, Mobile, AL, for defendants.

### ORDER

HOWARD, District Judge.

This matter is before the Court on Plaintiff's motion for new or additional security (Doc. 10). The Court held a hearing to consider such motion on August 22, 1995. For the reasons that follow, such motion is **DENIED.**

#### I. Factual Background

Plaintiff L & L Marine Transportation, Inc. ("L & L Marine") is a Louisiana corporation and owner of a tugboat named the

M/V AMY ANN. *See* First Supplemental and Amending Complaint ¶ II (Doc. 3). On or about March 1, 1995, at approximately 12:25 a.m., the M/V AMY ANN was under way in the Mobile ship channel towing two loaded barges when the M/V HOKUETSU HOPE collided with the M/V AMY ANN. *See id.* ¶ III.[1] Plaintiff claims the property damage incurred amounted to $79,168.44. *See id.* ¶ V. The Defendants in this action are Homewood Maritime S.A., the owner of the M/V HOKUETSU HOPE ("Homewood"), NYK Ship Management Company, Ltd., the manager/operator of the M/V HOKUETSU HOPE ("NYK"), the M/V HOKUETSU HOPE, and the Tokio Marine & Fire Insurance Company, Ltd. ("Tokio Marine"). *See id.* ¶ I. Tokio Marine provided P & I coverage for the vessel only. *See* Answer (Doc. 6).

On March 2, 1995, Plaintiff accepted a letter of undertaking signed by Tokio Marine. The body of the letter of undertaking provides:

In consideration of your not arresting the MV HOKUETSU HOPE or any other vessel of the same ownership or management in connection with a collision with the TUG MV AMY ANN and Barge TTI–10, which occurred shortly after midnight on March 1, 1995, and in which damages are alleged to have been sustained by the MV AMY ANN and Barge TTI–10, the undersigned hereby agrees, the MV HOKUETSU HOPE, lost or not lost, or in or out of this jurisdiction:

1. To cause the appearance of the owners and/or operators of the MV HOKUETSU HOPE to defend any suit that you might bring in the United States District Court for the Southern District of Alabama, for subject damages, and if demanded by you, to file a corporate surety bond therein, in an amount to be agreed upon, but not exceeding the sum of $50,000.00.

2. In the event a final decree, after appeal, if any, is entered in favor of the owners and/or operators of the MV AMY ANN and/or Barge TTI–10 in the subject suit, we guarantee the payment and satisfaction of said final decree up to and not exceeding the aggregate sum of $50,000.00.

3. It is the intent of this undertaking and guarantee that the rights of the parties shall be precisely the same as they would have been had the MV HOKUETSU HOPE been arrested under the process issued out of the United States District court, and had been released upon the filing of a corporate surety bond in the foregoing amount, reserving on behalf of the respective vessels, their owners, operators, and underwriters, all other objections and defenses otherwise available, including the denial of all liability for the damages claimed.

This letter of undertaking is written entirely without prejudice as to any rights or defenses which the MV HOKUETSU HOPE or her owners may have under any contracts, laws or statutes in effect, none of which is to be regarded as waived.

It is understood and agreed that the execution of this letter by SIDNEY H. SCHELL shall not be construed as binding on him, but is to be binding only upon The Tokio Marine and Fire Insurance Co., Ltd.

Plaintiff accepted the letter of undertaking and the M/V HOKUETSU HOPE was not arrested by Plaintiff. *See* memorandum in support of motion for new or additional security (Doc. 11).

At some point after it accepted the letter of undertaking, Plaintiff determined that its damages to the M/V AMY ANN were more severe than originally estimated, and Plaintiff attempted to obtain additional security from Defendants. *See id.* (attaching as Ex. C a letter dated August 8, 1995 from Timothy F. Burr to Sidney Schell, Esq.). Defendants refused to provide such additional security.

On August 18, 1995, Plaintiff filed a motion for new or additional security pursuant to Rule E(6) of the Supplemental Rules to the Federal Rules of Civil Procedure (Doc. 10). Plaintiff moved this Court to order Defendants to provide security in the aggregate amount of $150,000.00.

---

1. Defendants Homewood and NYK admit the events alleged in Paragraph III of the First Supplemental and Amending Complaint. *See* Answer (Doc. 7).

## II. *In rem* Jurisdiction and Letters of Undertaking

At the hearing held by this Court to consider Plaintiff's motion for new or additional security, the Court was of the opinion that it lacked *in rem* jurisdiction in this matter. The parties disagreed, but were unable to provide authority or otherwise persuade this Court that it possessed such jurisdiction. In light of further research, however, it is now apparent that this Court does have *in rem* jurisdiction in this matter, and that it must consider Plaintiff's motion under Rule E(6).

■ It is well established that "[a]ttachment subjecting the *res* to the jurisdiction of the court is a prerequisite to a finding of *in rem* liability." *Dow Chem. Co., v. Barge UM–23B,* 424 F.2d 307, 311 (5th Cir.1970);[2] *see also Cactus Pipe & Supply Co. v. M/V Montmartre,* 756 F.2d 1103, 1107 (5th Cir. 1985) (Brown, J.) (holding that a district court's power "to exercise jurisdiction over a vessel depends upon the arrest of the vessel within the court's territorial jurisdiction."). Once a vessel is arrested *in rem,* security may be posted in exchange for the release of the vessel, and such security becomes a complete substitute for the *res. See United States v. Ames,* 99 U.S. (9 Otto) 35, 25 L.Ed. 295 (1878). The effect of the release of the vessel is "to transfer the lien from the ship to the fund the security represented." *Industria Nacional Del Papel, CA. v. M/V Albert F,* 730 F.2d 622, 625 (11th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 515, 83 L.Ed.2d 404 (1984).

■ A letter of undertaking serves as adequate security to release a vessel. *See Matter of Topgallant Lines, Inc.,* 154 B.R. 368, 377 (S.D.Ga.1993), *aff'd sub nom. McAllister Towing v. Ambassador,* 20 F.3d 1175 (11th Cir.1994). "A traditional letter of undertaking provides that, in consideration of the vessel not being seized and released on bond, the vessel owner will file a claim to the vessel and pay any judgment rendered against the vessel even if the vessel itself is subsequently lost." *Panaconti Shipping Co., S.A. v. M/V*

*Ypapanti,* 865 F.2d 705, 707–08 (5th Cir. 1989); *see also Topgallant,* 154 B.R. at 377 (holding same).

■ In this Circuit, the use of a letter of undertaking containing a Non–Waiver of Rights Clause perfects a district court's *in rem* jurisdiction even if actual arrest of a vessel never occurs. *See Continental Grain Co. v. Federal Barge Lines, Inc.,* 268 F.2d 240, 243 (5th Cir.1959) (Brown, J.), *aff'd sub nom. Continental Grain Co. v. The FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). In order to accomplish this, such letter of undertaking must contain a Non–Waiver of Rights Clause that provides that the rights of the parties are "precisely the same as they would have been had the vessel, in fact, been taken into custody by the United States Marshall under said *in rem* process, and released by the filing of claim and release bond." *Continental Grain,* 268 F.2d at 243 n. 3. A district court then must treat a proper letter of undertaking "as though, upon the libel being filed, the vessel had actually been seized, a Claim filed, a stipulation to abide decree with sureties executed and filed by Claimant, and the vessel formally released." *Id.* at 243 (footnote omitted).

■ The Court **FINDS** that the Non–Waiver of Rights Clause contained in the letter of undertaking in this matter satisfies the *Continental Grain* requirements. Accordingly, this Court may properly exercise *in rem* jurisdiction in this matter, and it must now consider Plaintiff's motion pursuant to Rule E(6).

## III. Letters of Undertaking and Rule E(6)

Under Rule E(6) of the Supplemental Rules to the Federal Rules of Civil Procedure, "the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing." The parties dispute whether this Court may increase the amount of the letter of undertaking.

---

**2.** The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of*

*Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc* ).

Additional sureties are warranted when fraud, misrepresentation, or mistake exist that are sufficient to justify rearrest of the vessel. *See Industria Nacional*, 730 F.2d at 626. Plaintiff does not contend that either fraud or misrepresentation exist in this matter. Instead, it argues that it mistakenly underestimated the severity of the damage to the M/V AMY ANN. *See* memorandum in support 5. " 'A mistake sufficient to justify rearrest requires that it be tinged with fraud or misrepresentation or that it be the mistake of the court and not that of the claimant.' " *Industria Nacional*, 730 F.2d at 626 (quoting 7A Moore's Federal Practice, § E.14, at E–711 n. 30 (2d ed. 1983)).

Plaintiff fails to satisfy the requirements set forth in *Industria Nacional*.[3] Plaintiff does not contend that its underestimation of the severity of the damage to the M/V AMY ANN was due to fraud or misrepresentation. It also cannot contend that this Court made such mistake. Accordingly, Plaintiff's motion is **DENIED**.

---

**3.** Plaintiff contends that the *Industria Nacional* court misquoted Professor Moore's treatise and "failed to recognize the distinction between a mistake sufficient to justify re-arrest and a mistake sufficient to compel the claimant to increase the security, which is emphasized by Professor Moore." Memorandum in support 4–5 & n. 5. Such contentions are irrelevant because this Court is bound by the language of the decisions of the Eleventh Circuit, and not by Professor Moore's treatise. *See, e.g., Fox. v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir.1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this circuit is bound by this court's decisions.").