**In re Cynthia L. DUPLANTE, Debtor.**

**AT & T UNIVERSAL CARD SERVICES CORPORATION, Plaintiff,**

**v.**

**Cynthia L. DUPLANTE, Defendant.**

**Bankruptcy No. 96–0334–PB.**
**Adv. No. 96/90382.**

United States Bankruptcy Court,
S.D. California.

Dec. 26, 1996.

Steven N. Kurtz, Law Offices of Steven N. Kurtz, Encino, CA, for plaintiff.

John J. Murphy, Murphy Law Offices, Carlsbad, CA, for defendant.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Plaintiff, AT & T Universal Card Services Corporation ("AT & T"), filed the instant

adversary complaint on June 10, 1996, seeking to have the debt declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A) for actual fraud. The complaint alleges Debtor/Defendant, Cynthia Duplante ("Debtor"), filed a Chapter 7 bankruptcy petition on March 12, 1996, and then alleges:

5. Defendant opened a charge account with the Plaintiff under Mastercard Account No. 539–7100–4020–6842. Defendant incurred charges under the account totaling $4732.19, plus interest at the contract rate, forward after January 25, 1996. The aforesaid debt is a consumer debt as defined in § 101(a) of the Bankruptcy Code.

6. Review of Defendant's account indicates within five months prior to her Chapter 7 filing, the Defendant incurred charges in sum of $5609.16 and has made only 2 payments since October, the last of which was only $10.00.

The answer was filed August 4, 1996, denying ¶¶ 5 and 6 of the complaint. This Court set the trial date for December 2, 1996, at 9:00 o'clock AM, and directed discovery would close no later than November 11, 1995. AT & T made no discovery request of Debtor. On November 18, 1996, AT & T filed a "Voluntary Dismissal of Adversary Proceeding Without Prejudice" pursuant to F.R.B.P.Rule 7041, although the document states that "undersigned counsel hereby voluntarily dismisses this cause with prejudice." The Court gave notice that the matter of dismissal was to be heard on December 2, 1996, at 8:30 o'clock AM.

On November 27, 1996, Debtors counsel filed a "Notice of Motion and Motion for an Order Granting an Award of Attorney's Fees and Costs from Plaintiff AT & T Universal Card Services Corporation and for An Order Sanctioning Attorney STEVEN N. KURTZ and Plaintiff AT & T Universal Card Services under Rule 11 of the Federal Rules of Civil Procedure." A memorandum accompanied Debtor's motion together with attachments of the AT & T credit card statements and a billing statement of Murphy Law Offices beginning 8/26/96 and ending 12/2/96, showing a balance due of $3913.42, including costs of $60.00.

At the hearing, the Court indicated the motion for sanctions lacked merit, but heard argument on the motion for attorney fees. AT & T's counsel stated the reasons for filing the dismissal motion was because the law in the Circuit has been changed in the recent decision of *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280 (9th Cir.1996), filed September 3, 1996, and as a result AT & T could not prove the debt to be non-dischargeable. AT & T merely reiterated this argument in a brief in opposition to Debtor's motion for attorney fees and sanctions signed December 11, 1996, and received by this Court on December 18, 1996. AT & T's opposition brief also stated with little argument and no citation to authority that a fee award would be unjust under the circumstances, and blandly averred, again with little argument and no authority, that the fees requested were unreasonable. At the close of hearing, the Court advised AT & T's counsel in open court that the *Anastas* decision did not change the legal position of this Circuit in credit card non-dischargeability cases, but in fact adopted all prior decisions such as the *Eashai* factors [*Citibank (South Dakota) v. Eashai (In re Eashai)*, 87 F.3d 1082 (9th Cir.1996)], which specifically adopted the *Dougherty* factors [*Citibank South Dakota v. Dougherty (In re Dougherty)*, 84 B.R. 653 (9th Cir. BAP 1988)] set forth in *Eashai* at 1087–1088. The Court further explained to counsel that *Anastas* was fact specific and provided no basis for AT & T's argument.

Debtor's counsel introduced no testimony from Debtor.[1] Debtor's AT & T billing statements was conceded by counsel to be true and correct statements of the credit history, and were also attached to the declaration in support of AT & T's opposition brief. The pertinent AT & T credit card charge records show as follows:

---

1. Debtor's brief in support of the motion for attorney fees recites a number of evidentiary matters concerning Debtor's personal marital problems. These matters are mere allegations of counsel, and not evidence. Thus, they are not considered by the Court. Nor are the factual allegations of AT & T's counsel set forth in its opposition brief.

3/23/95–4/22/95: Charges of $1659.93; payment—$30.00

4/23/95–5/22/95: No charges; payment—$40.00

5/23/95–6/22/95: No charges; payments—$4070.61; balance—$1905.97 *credit*

9/21/95–10/9/95: 26 charges; payments—none; 2 credit adjustments; bal.—$4192.15

10/19/95–11/1/95: 15 charges; payments—$280.15; credit adj.—$89.40; bal.—$4401.65

1/16/96 statement: No charges; no payments; Balance: $4470.24

2/16/96 statement: No charges; no payments; Balance: $4554.90

3/18/96 statement: No charges; no payments; Balance: $4630.50

4/16/96 statement: No charges; no payments; Balance: $4717.19

The history of the credit account clearly shows Debtor never exceeded the credit card limit, made substantial payments in 1995, made no charges after November 1, 1995, when Debtor made the minimum payment of $280.15 and then finally made one other $10.00 payment on January 25, 1996, about six weeks before the Chapter 7 petition was filed. Thus, the last activity on the account was a payment, not a charge.[2]

The recent decision of *AT & T Universal Card Services v. Grayson (In re Grayson),* 199 B.R. 397, 400–402 (Bankr.W.D.Mo.1996), states the law applicable to this case. The Grayson court held:

> The Code is intended to provide an honest debtor with a "fresh start." *Caspers v. Van Horne (In re Van Horne),* 823 F.2d 1285, 1287 (8th Cir.1987).
>
> \* \* \* \* \* \*
>
> In enacting the Code, Congress was well aware that sophisticated creditors are sometimes in a position to coerce unsophisticated debtors into waiving their right to discharge debts in a Chapter 7 proceeding. Therefore, Congress required the Bankruptcy Court to level the playing field in certain circumstances which are particular-

ly susceptible to abuse. (Citing 11 U.S.C. § 524(c)(3)).

\* \* \* \* \* \*

In general, a motion to dismiss, such as was filed in the *Grayson* case, may be granted on such terms and conditions as the Court deems proper, Fed.R.Civ.P. 41(a)(2); Fed.R.Bankr.P. 7041, including an allowable award of sanctions. See Fed.R.Bankr.P. 9011. In the *Mobley* case, the parties stipulated to dismissal, so no Court Order is required. Fed.R.Civ.P. 41(a)(1)(ii); Fed.R.Bankr.P. 7041. Nevertheless, even as to an action dismissed without Court order, the Court retains jurisdiction to award sanctions. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 [394], 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990); *Fox v. Acadia State Bank,* 937 F.2d 1566, 1569 (11th Cir.1991). In addition, section 523(d) of the Bankruptcy Code (the "Code") specifically requires the Court to consider an award of attorney fees and costs where a creditor requests a determination of dischargeability of a consumer debt, and the debt is discharged. 11 U.S.C. § 523(d). Dismissal of the dischargeability complaints in these two cases means that the general discharge granted the debtors applies to the debts due AT & T. Therefore, the Court must determine whether section 523(d) requires an award of fees. The Code provides that:

> [i]f a creditor requests a determination of dischargeability of a consumer debt under [11 U.S.C. § 523](a)(2) ... and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified ...

.11 U.S.C. § 523(d). This requirement is in addition to the general rule that an attorney signing a pleading thereby represents that such attorney has a good faith basis for making the allegations contained therein. Fed.R.Civ.P. 11;

---

2. The declaration of Counsel Kurtz in support of AT & T's opposition brief has attached certain records which are submitted as purportedly supporting the allegations of the complaint. (Exhibit A, attached to Decl. of Steven N. Kurtz in Support of Opposition to Motion for Attorney's Fees). Nonetheless, review of these records leads the Court to conclude that they in fact support the billing statements and the amounts as set forth above.

Fed.R.Bankr.P. 9011. Thus, Congress recognized that defending dischargeability actions can be burdensome on the debtor, that such claims can have the effect of coercing debtors into unwise settlements, and that creditors therefore should not bring such suits without substantial justification.

The Code and Federal Rules of Bankruptcy Procedure (the "Rules") give a creditor ample opportunity to investigate prior to bringing an action for non-dischargeability. For example, a creditor is entitled to appear at the section 341(a) Meeting of Creditors and question the debtor. Creditors may also conduct a Rule 2004 Examination. Fed.R.Bankr.P. 2004. At either forum, a creditor has the opportunity to question a debtor, and to thereby determine whether the filing of a dischargeability complaint is substantially justified.

■ In the case *sub judice*, AT & T's counsel conceded at hearing that AT & T never attended the § 341 final meeting of creditors, nor did AT & T ever request a Rule 2004 examination of the Debtor. In sum, AT & T's investigation of Debtor's financial plight, marital problems and reasons for non-payment of the credit card debt prior to initiating this adversary proceeding was nil.

AT & T's complaint is skeletal at best. It alleges no facts supporting the *Dougherty* factors, and, more important, it simply is false in ¶¶ 5 and 6. No charges against the account were made after January 25, 1996, as alleged and no charges of any amount, let alone $5609.16, were made within five months of the Chapter 7 bankruptcy filing date as alleged. It is conceded by AT & T that the debt is a consumer debt. Upon granting of the dismissal with prejudice, that debt is now discharged.

As discussed in *Grayson, supra*, § 523(d) states that if the creditor seeks a determination of dischargeability of a consumer debt and that debt is thereafter discharged, the court "shall" grant judgment in favor of the debtor for costs and reasonable attorney fees, "if the court finds the position of the creditor was not substantially justified." I find the complaint filed by AT & T was not

substantially justified. No investigation was made by AT & T prior to the filing of the complaint. The complaint makes false allegations based on AT & T's own credit card billing statements. The reason given for dismissal of the complaint that the Ninth Circuit law has changed is a weak excuse. The bottom line is that AT & T now confesses it had no basis in fact or law to file the non-dischargeability complaint, and when trial approached, with no discovery conducted, AT & T sought voluntary dismissal. Where such conduct is not *substantially* justified, as is the case here, it is mandatory the Court award attorney fees and costs under § 523(d). *American Savings Bank v. Harvey (In re Harvey)*, 172 B.R. 314, 317–318 (9th Cir. BAP 1994) (creditor has the burden to prove its actions were substantially justified and failing such proof the award is mandatory).

■ Section 523(d) was amended by section 307(b) of the Consumer Credit Amendments within the Bankruptcy Amendments Act of 1984, *see*, S.Rep. No. 65, 98th Cong., 1st sess., 58, 59 (1983). Prior to such amendment, the courts had discretion to award attorneys fees, unless the granting of judgment would be "clearly inequitable." *Thorp Credit, Inc. v. Carmen (In re Carmen)*, 723 F.2d 16, 17 (6th Cir.1983). In addition, under the current statute, the presence of circumstances making award of fees and costs unjust can obviate the mandate to award fees and costs. AT & T argues the conduct of Debtor's counsel in this case gives rise to such circumstances. The Court, however, disagrees. It was AT & T that failed to properly investigate the facts upon which it grounded its complaint, to conduct discovery, to appear at the § 341 meeting or to request a Rule 2004 examination, not Debtor. Consequently, the balance of factors weigh heavily against AT & T.

■ AT & T has contested the reasonableness of attorney fee billing statement merely by speculating about a possible "reverse contingency arrangement" AT & T thinks is "likely" to exist between Debtor and counsel. Without more, this argument lacks merit. I find the hourly rate and hours expended in

defending this adversary proceeding from the date of preparation of the answer to the complaint to the hearing on December 2, 1996, are reasonable charges to which Debtor is entitled under § 523(d).

IT IS ORDERED:

1. This adversary proceeding is dismissed with prejudice and the debt owing Plaintiff, AT & T Universal Card Services Corporation, by Debtor, Cynthia L. Duplante is discharged; and

2. Debtor's counsel, John J. Murphy, is awarded reasonable attorney fees and costs of $3913.42 from the Plaintiff, AT & T Universal Card Services Corporation, pursuant to 11 U.S.C. § 523(d).