[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13863
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-20395-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORIS TRAPP, a.k.a. Twin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Doris Trapp ("Defendant") appeals as unreasonable her sentence of twenty-four months for violation of the terms of her probation for a previous conviction. Seeing no reversible error, we affirm.

Defendant pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and in 2007 was sentenced to five years of probation. In 2008, she was again arrested for the same offense -- also a violation of her probation -- and pleaded guilty. The district court sentenced her to eighteen months' imprisonment for her 2008 drug offense, but that judge recommended that any sentence later imposed as a result of Defendant's probation violation should run concurrently with this eighteen-month sentence.

Later, Defendant's resentencing hearing for the probation violation was before the same District Judge who sentenced her to probation in 2007. The government recommended that any sentence imposed run concurrent to her eighteen-month sentence. The District Judge explained that she had previously "cut [Defendant] a break" by sentencing her to only a period of probation, and yet Defendant was back in court "here again . . . sixteen months later."

After asking Defendant's counsel and the government why a concurrent sentence would be reasonable, the district court sentenced Defendant. The court explained that it had carefully considered the parties' statements and the

2

information in the violation report, found that Defendant had violated her probation, and imposed a twenty-four (24) month prison term to run consecutively to the eighteen-month term for her 2008 drug offense. This sentence is six months above the 12–18 month recommended Guidelines range for a violation of probation in a case like Defendant's; the court determined that a within Guidelines sentence would be inappropriate. U.S.S.G. § 7B1.4(a)(p.s.). Defendant appeals the imposition of the twenty-four months' imprisonment as unreasonable.

We review a district court's choice of sentence -- including sentences imposed upon the revocation of probation -- for abuse of discretion, determining if the sentence was procedurally in error or substantively unreasonable. Gall v. United States, 128 S. Ct. 586, 594–97 (2007); United States v. Mitsven, 452 F.3d 1264, 1266 & n.1 (11th Cir. 2006) (noting that sentences imposed upon the revocation of supervised release are reviewed for reasonableness and the "analysis of the revocation proceedings relating to probation and supervised release are 'essentially the same'"). A sentence is procedurally unreasonable, for example, when the district court fails to consider the section 3553(a) factors or fails adequately to explain the chosen sentence. Gall, 128 S. Ct. at 597. A sentence is substantively unreasonable if it is outside the range of reasonable sentences dictated by the facts of the case.

Defendant contends that the district court's chosen sentence was both procedurally in error and substantively unreasonable. She asserts that the district court did not consider the section 3553(a) factors or the Chapter 7 policy statements and that the sentence was based on an impermissible factor: namely, the judge's personal feelings of "anger" and "betrayal" based on Defendant's violation of probation.

A district court may revoke a term of probation "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation." 18 U.S.C. § 3565(a). The court must first consider the Guidelines sentencing factors set out at 18 U.S.C. § 3553(a) "to the extent that they are applicable."[*] Id. Although the district court must consider these factors, nothing "requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the [factors]". United

---

[*] Section 3553(a) states that the district court " shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . (5) any pertinent policy statement--(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."

States v. McNair, 605 F.3d 1152, 1231 (11th Cir. 2010) (quoting United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Here, the district court stated that it had "carefully considered the statements of the parties and the information contained in the violation packet," and concluded that "a sentence above the guideline range is appropriate."  This statement adequately demonstrates that the district court "considered the parties' arguments and has a reasoned basis for exercising [its] decisionmaking authority."  United States v. Rita, 127 S. Ct. 2456, 2468 (2007).  The district court's "acknowledgment that it considered defendant's arguments and the factors in § 3553(a) is sufficient," even if all of the factors were not discussed.  McNair, 605 F.3d at 1231.

District courts are not obligated to follow the Chapter 7 policy statements: like the rest of the Guidelines, the policy statements are advisory only.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).  And in any event, the district court did consult the applicable policy statement in this case; it concluded that the sentence recommended in Chapter 7 of the Sentencing Guidelines would be insufficient, and sentenced Defendant to an above-range term of imprisonment.

Defendant has also not shown the district court's sentence to be substantively unreasonable, either.  Although Defendant asserts that the district court was motivated by personal feelings, the record supports the sentence as not

unreasonable under the circumstances. District courts do not need "extraordinary circumstances" to justify a sentence outside the Guidelines range, but they must explain their choice of sentence adequately. Gall, 128 S. Ct. at 597. In defendant's case, the district court explained that its previous sentence was lenient and based on the Defendant's representation to the court then that defendant was an addict who would reform her life. Her later rearrest for trafficking narcotics demonstrated that her previous representation was, if nothing else, no longer true.

Defendant admits that the district court considered the "nature and circumstances of the offence . . . [and] the need for the sentence imposed to afford adequate deterrence." We conclude that Defendant has failed to demonstrate that the sentence is "unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Phaknikone, 605 F.3d 1099, 1112 (11th Cir. 2010) (internal quotation marks omitted). We also note that the district court was under no obligation to accept the recommendation of the other district court and the government that any sentence chosen run concurrent to the sentence for Defendant's 2008 drug offense. See Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this circuit is bound by this court's decisions.").

6

Because Defendant has failed to demonstrate that her sentence reflects a reversible error, we AFFIRM.