UNITED STATES of America and
State of Florida, ex rel. Louis
H. MUELLER, Plaintiffs,

v.

ECKERD CORPORATION, Defendant.

No. 95–2030–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 1, 1999.

Jay G. Trezevant, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Michael F. Hertz, Alan E. Kleinburd, U.S. Dept. of Justice, Washington, DC, Gary J. Takacs, James, Hoyer & Newcomer, P.A., Tampa, FL, Allie Pang, U.S. Department of Justice, Commercial Litigation Branch, Civ. Div., Washington, DC, for USA.

Gary J. Takacs, James, Hoyer & Newcomer, P.A., Tampa, FL, for Louis H. Mueller.

Todd Bradshaw Grandy, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, Mark H. Schlein, State of Florida, Department of Legal Affairs, Tallahassee, FL, for State of Florida, ex rel.

Robert R. Vawter, Jr., Donald Roger Schmidt, David Matthew Allen, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Eckerd Corp.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court upon filing of Objections to the Magistrate Judge's Order Concerning *Ex Parte* Interviews of Eckerd Corporation Nonmanagerial Employees, dated November 20, 1998 (Docket No. 85) by Plaintiffs, the United States of America and the State of Florida.

### Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the District Judge should use the clearly erroneous standard when reviewing a magistrate judge's order. Rule 72(a) provides:

A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceeding as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*See also* 28 U.S.C. § 636(b)(1)(A).

### Background

Plaintiffs, the United States of America and the State of Florida (collectively the "Government"), brought claims against the Defendant Eckerd Corporation ("Eckerd") pursuant to the Federal False Claims Act, as amended, 31 U.S.C. §§ 3729–3733 and the Florida False Claims Act, Fl. Stat. §§ 68.01–68.092. (Docket No.). The Plaintiffs are seeking damages and penalties from the defendant for allegedly making or causing to be made false or fraudulent statements, representations, and claims to Medicaid, the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") and the Federal Employees Health Benefits Program ("FEHBP") for payment of prescriptions that were only partially filled. (Docket No. 85).

The Government filed a motion to interview, outside the presence of counsel, three categories of Eckerd's current employees: (1) non-managerial pharmacists; (2) pharmacy technicians and (3) pharmacy clerks. (Docket No. 85). Plaintiffs contend that Eckerd employees contacted them because they were interested in "relat[ing] their negative experiences with Defendant Eckerd Corporation and prov[ing] testimony in support of the plaintiff's case." Recognizing that Rule 4–4.2 of the Rule Regulating the Florida Bar may restrict *ex parte* contact with certain classes of employees, the Government sought the Court's approval before interviewing any of the three categories of employees. (Docket No. 85).

The matter was referred to Magistrate Judge Elizabeth Jenkins who entered an order denying the Government's motion in its entirety on November 5, 1998 (Docket No. 82). On November 20, 1998, the Government filed Objections to the Magistrate Judge's Order Concerning *Ex Parte* Interviews of Eckerd Corporation Non–Managerial Employees. (Docket No. 85). The Plaintiffs generally accept Magistrate Judge Jenkins' Order but object to the portion which prohibits the plaintiffs from conducting *ex parte*

interviews of Eckerd's pharmacy technicians and clerks as to their factual observations. (Docket No. 85).

### Discussion

The Plaintiffs contend that pharmacy technicians and clerks do not fall within the category of persons having managerial responsibility on behalf of Defendant Eckerd Corporation under the Rules Regulating the Florida Bar. (Docket No. 85) Rule 4–4.2 provides:

COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer....

In this case, the party to the action is not a person but rather an organization. The Comment to Rule 4–4.2 provides in pertinent part:

In the case of an organization, this rule prohibits communications by a lawyer for 1 party concerning the matter in the representation (1) with persons having managerial responsibility on behalf of the organization and (2) with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or (3) whose statement may constitute an admission on the part of the organization....

See Comment to Rule 4–4.2, Rules Regulating the Florida Bar.

The Government challenges Magistrate Judge Jenkins' Order denying ex parte interviews of pharmacy technicians and clerks on two grounds. (Docket No. 85). First, the Government claims that because pharmacy technicians are statutorily defined and may only perform "delegated acts... under the direct supervision of a licensed pharmacist" they do not fall within the purview of the Comment to Rule 4–4.2 because it prohibits technicians from acting in a managerial fashion. See Fla. Stat. § 465.014. In addition, the Government states the same rational applies to pharmacy clerks because they serve in a more limited capacity than pharmacy technicians. (Docket No. 85).

However, Magistrate Judge Jenkins properly concluded that pharmacy technicians and clerks fall within the third prong of the Comment to 4–4.2 which bars communications with employees of an organization if the employee's statement could constitute an admission on the part of the organization. (Docket No. 82). The third prong of the comment applies if there is a "substantial likelihood" that the statements obtained during the ex parte interviews may be used in a later proceeding against the organization. See In re Disciplinary Proceedings, 876 F.Supp. 265, 267–68 (M.D.Fla.1993); See also Metrahealth Ins. Co. v. Anclote Psychiatric Hosp. Ltd., 961 F.Supp. 1580, 1584 (M.D.Fla. 1997).

It is for the very reason stated in the statutory description of the pharmacy technicians' duties that the statements obtained in an ex parte interview would have a "substantial likelihood" of being used against the organizations in a later proceeding. See Metrahealth at 1584. The definition provides that a pharmacist may delegate tasks such as communications with providers on behalf of a patient, regarding refill authorization.

See Fla. Stat. § 465.014. In addition, the pharmacy technicians perform day to day activities, including "count[ing], pour[ing] and packag[ing] medication and assisting in the correction of managed care claims." (Docket No. 51). Pharmacy clerks gather third party payment information from customers and assist pharmacists by taking prescription and refill information from customers. (Docket No. 51).

The "mere factual observations" about which the government seeks to inquire are directly related to the premise of their complaint—the fraudulent filling of partial prescriptions. (Docket No. 85). The technicians and clerks would be precisely the employees who could verify Eckerd's practices in regards to filling patients prescriptions. If indeed the employees who contacted the Government were to convey their "negative experiences" to the Government, it is the type of "derogatory information that could be imputed to or bind the corpo-

ration." *See Metrahealth* at 1583–84; *See also Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1565 (11th Cir.1991) (stating nothing in 801(d)(2)(D) prevents statements of low-level employees' from coming into evidence as non-hearsay admissions by a party-opponent).

Magistrate Judge Jenkins was entirely correct in denying the Government's motion for *ex parte* communications with Eckerd's pharmacy technicians and pharmacy clerks. The Government did not present any new arguments which could properly persuade the Court that the analysis in the Magistrate's order was clearly erroneous or contrary to law in that reasoned decision. Accordingly, it is,

**ORDERED** that the objections to the Magistrate Judge's Order be **overruled** and the Order dated November 5, 1998, be **affirmed** in its entirety.