122 F.Supp.2d 1335 (2000)
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., Plaintiffs,
v.
STATE of FLORIDA, DEPARTMENT OF CORRECTIONS, et al., Defendants.
Nos. 5:00-CV-100-OC-10, 5:00-CV-155-OC-10, 5:00-CV-157-OC-10, 5:00-CV-158-OC-10.
United States District Court, M.D. Florida, Ocala Division.
September 21, 2000.
*1336 Frank Parker Scruggs, II, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Ft. Lauderdale, David G. Thomas, Alfred A. Gray, Jr., Greenberg Traurig, LLP, Boston, MA, Dominique T. Suite-Brown, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Ft. Lauderdale, for National Association for the Advancement of Colored People, by and through its Florida State Conference of Branches of the NAACP, Louis Brown, Alnethia Coley, Michelle Croswell, Linda Depass, Marie Fields, Willie Grace, Butler C. Hagins, Jr., Belinda Harvey, Whitfield Jenkins, Michael Johnson, Hazel Leeks, Merrill Logan, Joann McCants, Frank Waddell, Efird Wright, Arlene Benbow, Lee McCoy, Florine Stevenson, Jimmye V. Vereen, Velonia Gavin, Graylin Hudson, Vann Hughes, William Ricks, Roosevelt Paige, Alonzo Young, Joe Gordon, Regina Jones-Berry, Dwight Carter, Eric Carroll, Ronnie Austin, Jacqueline Betterson, Darian Blue, Harriet Cummings, James McNeal, Roy Dale Stephens, Samuel Downie, Roy Samuel Flowers, Coralita Grimes, Michael Kinard, Evelyn McDermoth, Paul Patton, Eleanor Sneed, Charlene Dawson, Evelyn Evans, Shawna Perry, Angela Williams.
Craig A. Dennis, William Peter Martin, Dennis & Bowman, P.A., Edwin Robert Hudson, Henry, Buchanan, Hudson, Suber & Carter, P.A., Laura Beth Faragasso, Henry & Buchanan, P.A., Blake Hayward, Hayward & Grant, P.A., Tallahassee, Lynne E. Denneler, Kristin H. Woolam, George, Hartz, Lundeen, Flagg & Fulmer, Ft. Myers, Elizabeth M. Rodriguez, Kubicki Draper, Miami, William Floyd Simonet, Mary Kogut Equels, Thomas K. Equels, Holtzman, Krinzman, Equels & Furia, Orlando, for Florida Department of Corrections, Michael Moore, Secretary, Kathy Liles Antonucci, Linda Andrews Buby, Lori Clark, S. Merrell Colchisky, Don Dean, Daniel J. Eberlein, Rick D. Gibbs, Ann Tuck Harden, David Harvey, Eugene Joseph Hession, John E. Izor, John Johnson, Lora M. Kuebler, Marvin Lawrence, David Alan Linzmaier, Philip Matchett, Ruth Parnas, Thomas Allan Peacock, Charles Martin Riker, Gregory Riska, Matthew J. Sapp, D. Rodney Sistrunk, Richard D. Towns, Jim Tridico, Jack H. Cairel, John Curtis, Bruce Fitzgerald, R. Nate Holton, Joseph H. Kennedy, Henry A. McBride, David Means, David Conrad MeCusker, James C. Moody, Dennis T. O'Neill, Everett I. Perrin, Mike Rhoden, Richard Walmsley, Donald B. Abraham, Peter Barber, Warren W. Cornell, David Roy Farcas, Martha P. Leavenworth, Michael McRae, Judith L. Veenstra, Jack White, Joyce Geiger, Donald T. Larned, Grady Macel Pauley, Vivian Roy, B.W. Stewart, Gene S. Gordon, D. Rodney Sistrunk.

ORDER
HODGES, District Judge.
This case comes before the Court for consideration of the Defendant Department of Corrections' Objection (Doc. 161) to the portion of the Magistrate Judge's Order (Doc. 148) granting Plaintiffs' Motion to Interview Current Employees of the Department of Corrections, to which the Plaintiff has filed a response (Doc. 174). Upon due consideration, the Court finds that the Defendant's objection is due to be OVERRULED.
On July 25, 2000, the United States Magistrate Judge entered an Order (Doc. *1337 148) granting the Plaintiffs' previously filed motion for leave to interview current employees of the Department of Corrections, subject to specific guidelines and protective measures outlined in the Order.[1] In the absence of an Eleventh Circuit opinion or an appropriate bright-line rule on the issue, the Magistrate Judge reached his decision by balancing the competing interests of the Plaintiffs' need to conduct discovery, investigate, and gather information with the Defendant's need to protect communications and to have adequate and effective representation.
The Defendant objects to the decision and argues that it is inconsistent for the Court to rely on certain cases in support of its ruling permitting interviews of former Department employees, but decline to follow those same cases expressly prohibiting the interviews of current corporate employees. The Defendant therefore argues that the Court should set aside the portion of the Magistrate Judge's Order permitting Plaintiffs' attorneys to interview the current employees of the Department.
The Plaintiff has filed a response (Doc. 145) to the Defendant's objections which largely restates and concurs with the reasoning of the Magistrate Judge's Order. The Plaintiff adds that, because the Magistrate Judge's ruling is not clearly erroneous or contrary to law, it should remain undisturbed.
The standard for overturning a Magistrate Judge's Order is a very difficult one to meet. Federal Rule of Civil Procedure 72(a) states that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Upon review, the Court does not believe that Defendant has met its burden under Rule 72(a) by showing the Magistrate Judge's decision to be clearly erroneous or contrary to law. Indeed, the Court agrees that the Plaintiffs and their counsel should be permitted to conduct ex-parte communications with current employees of the Department of Corrections under the scheme of guidelines and protective measures outlined by the Magistrate Judge's Order.
Accordingly, the Defendant's Objection (Doc. 161) to the Magistrate Judge's Order is OVERRULED, and the Magistrate Judge's Order (Doc. 148) is AFFIRMED.
IT IS SO ORDERED.

ORDER
JONES, United States Magistrate Judge.
Pending before the Court are the following motions and responses:
(1) Plaintiffs' Motion For Leave To Interview Current Employees of the Department of Corrections (Doc. 78Case No. 5:00-Civ-100-Oc-10; Doc. 45Case No. 5:00-Civ-155-Oc-10; Doc. 43Case No. 5:00-Civ-157-Oc-10; and Doc. 42Case No. 5:00-Civ-158-Oc-10), which seeks leave of the Court to interview current employees of the Defendant Department of Corrections outside the presence of defense counsel subject to appropriate limitations and confirmation that the Plaintiffs' do not need to clear interviews with former employees with the Defendant Department of Corrections or its attorneys;
(2) Defendant Department of Corrections' Motion In Opposition To Plaintiffs' Request To Interview Department of Corrections Employees (Doc. 86  Case. No. 5:00-Civ-100-Oc-10; Doc. 54 and 58  Case No. 5:00-Civ-155-Oc-10; Doc. 54 and 59  Case No. 5:00-Civ-157-Oc-10; and Doc. 58 and 64  Case No. 5:00-Civ-158-Oc-10), which requests that the Court treat both current and former employees of the Department as "parties" for purposes of discovery and that the Court not *1338 permit Plaintiffs or their attorneys to interview such "parties" outside the presence of defense counsel;
(3) Response of Defendants Grady Marcel Pauley, Vivian Roy, Donald T. Larned And B.W. Stewart In Support of Defendant Department of Corrections' Motion In Opposition To Plaintiffs' Request To Interview Department Of Corrections Employees (Doc. 59  Case No. 5:00-Civ-158-Oc-10), which endorses the arguments set forth by the Defendant Department of Corrections in its Motion In Opposition;
(4) Defendant Department of Corrections' Memorandum In Opposition To Plaintiffs' Motion For Leave To Interview Current Employees Of The Department (Doc. 106  Case No. 5:00-Civ-100-Oc-10, All Cases), which again urges the Court to consider both current and former employees of the Department as "parties" for the purposes of discovery and to not permit Plaintiffs to interview such employees outside the presence of the Department's counsel; and
(5) Notice of Adoption By Defendant, David Farcas, Of Other Individual Defendants' Response In Opposition To Plaintiffs' Motion For Leave To Interview Current Employees Of The Department Of Corrections Ex Parte (Doc. 115  Case No. 5:00-Civ-100-Oc-10, All Cases), which adopts and incorporates the Response of Defendants, Donald T. Larned, Grady Pauley, Vivian Roy, and B.W. Stewart, opposing the Plaintiffs' motion for leave to interview current and former employees.
After reviewing all of the respective motions and responses, and hearing oral argument of the parties on July 17, 2000 on the pending issues, the Court concludes that the Plaintiffs' Motion For Leave to Interview Current Employees Of The Department Of Corrections (Doc. 78  Case No. 5:00-Civ-100-Oc-10; Doc. 45  Case No. 5:00-Civ-155-Oc-10; Doc. 43  Case No. 5:00-Civ-157-Oc-10; and Doc. 42  Case No. 5:00-Civ-158-Oc-10) is due to be GRANTED subject to the specific guidelines and protective measures outlined in this order.

INTRODUCTION
This is an action for injunctive relief by the National Association for the Advancement of Colored People by and through its Florida State Conference of Branches of the NAACP and for damages, injunctive and declaratory relief by several current and former employees of the Department of Corrections (the "Department") against the Department, Secretary Michael Moore, the superintendents of the several penal facilities, and individual supervisors and managers. The Plaintiffs' Amended Complaint consists of five counts: Count I is a Title VII claim against the Department for creating a hostile work environment and a pattern and practice of disparate treatment; Count II is a claim of race discrimination under sections 1981 and 1983 against the individually named defendants; Count III is a Title VII retaliation claim; Count IV is a retaliation claim under sections 1981 and 1983; and Count V is a claim by the NAACP and the Employee Plaintiffs against Secretary Moore for violations of sections 1981 and 1983.[1]

DISCUSSION
Plaintiffs' motion requests leave of the Court to interview current employees of the Department outside the presence of defense counsel, subject to appropriate limitations, and confirmation that the Plaintiffs do not need to clear interviews of former employees of the Department with the Department or its attorneys. The Department objects to interviews of both its current and former employees by Plaintiffs' attorneys outside the presence of defense counsel. The Court will first *1339 address the issue of interviewing former employees of the Department and will then consider the issue of interviewing current employees of the Department.

Former Employees
Rule 4-4.2 of the Florida Rules of Professional Conduct regulates an attorney's communication with a person who is represented by counsel.[2] Specifically, the Comment to Rule 4-4.2 provides that the rule prohibits communications by an attorney for one party with persons having "managerial responsibility on behalf of the organization", with any person "whose act or omission in connection with that matter may be imputed to the organization", and with any person who is represented by counsel concerning the matter in question.
Both the American Bar Association and The Florida Bar Professional Ethics Committee have considered whether ex-parte communications by counsel with the former employees of the adverse party are appropriate and whether they violate the ethical rules of conduct for attorneys.[3] In Formal Opinion 91-359, issued in 1991, the American Bar Association interpreted ABA Model Rule of Professional Conduct 4.2. In that opinion, the Committee found that the text of Rule 4.2 does not extend coverage to former employees and there was no basis for concluding that such coverage was anticipated. See ABA Comm. on Ethics and Professional Responsibility, Formal. Op. 91-359 (1991). Similarly, The Florida Bar Professional Ethics Committee considered Rule 4-4.2 and concluded that attorneys were not prohibited from contacting former employees of a defendant-employer without obtaining the permission of the defendant-employer or its attorney. See Fla. Bar Prof. Ethics Comm., Op. 88-14 (1989).
Numerous courts have addressed the issue of whether former employees of a defendant-employer may be interviewed ex parte by an adverse party and, as a result, there are conflicting decisions on this issue, even within this district. See, Concerned Parents of Jordan Park v. Housing Auth. of City of St. Petersburg, Fla., 934 F.Supp. 406 (M.D.Fla.1996)(holding that ex-parte communications with opponent's former employee was not an ethical violation); Rewis v. FMC Corp, Case No. 88-47-Civ-T-19(C) (M.D.Fla.1989)(J. Hodges)(holding that ex-parte communications with former managerial employees did not violate 4-4.2 of the Rules Regulating the Florida Bar); Lang v. Reedy Creek Improvement Dist., 888 F.Supp. 1143 (M.D.Fla.1995)(permitting interviews with limitations); But see, Rentclub, Inc. v. Transamerica Rental Finance Corp., 811 F.Supp. 651 (M.D.Fla.1992)(holding that ex-parte communication with all former employees is prohibited).
Although the Eleventh Circuit Court has not issued a definitive ruling on this issue, the Florida Supreme Court in H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d 541, 544-45 (Fla.1997), held that the professional conduct rule governing contact by attorneys with persons represented by counsel does not prohibit an attorney from communicating ex parte with former employees of the defendant-employer.[4] *1340 The decision of the Florida Supreme Court in H.B.A. is more consistent with the opinions of Judge Adams in Concerned Parents of Jordan Park v. Housing Auth. of City of St. Petersburg, Fla. and Judge Hodges in Rewis v. FMC Corp.
The Court's decision in Rentclub, is distinguishable from the instant case for several reasons.[5] First, Rentclub was decided before and without the benefit of, the decision of the Florida Supreme Court in H.B.A. Management, Inc. v. Estate of Schwartz, 693 So.2d 541, 544-45 (Fla.1997). Second, the issue in Rentclub was whether an attorney should be disqualified based on his past communications with a former employee of the corporate party and not whether interviews in the first place should be permitted. Finally, Rentclub concerned communications of an attorney with a high-level former employee of the corporate party who was privy to confidential and proprietary information and communications. Here, unlike Rentclub there is no suggestion that former high ranking Department employees with privileged information are the target of the interviews but rather the target of the interviews is the rank and file correctional officers who may have seen or heard the conduct alleged in the complaint. It is the Court's considered view that Rule 4-4.2, (or RPC 4.2), is an ethical rule designed to govern the professional conduct of attorneys, protect the attorney-client privilege and work-product privilege, and is not designed to control or limit discovery. See Curley v. Cumberland Farms, Inc., 134 F.R.D. 77, 82 (D.N.J.1991).
The Court recognizes, however, the possibility that a former employee of the Department, may be of the "type" or "level" of employee who had access to privileged or confidential communications, participated in decision-making activities, and/or worked with the attorneys representing the defendant. Based on this possibility, even though Rule 4-4.2, or in the alternative RPC 4.2, does not reference former employees as "parties", the Court recognizes the viable concern that there could be a Rule 801(d)(2)(d), Federal Rules of Evidence, admission by a party-opponent in the ex-parte communications of the Plaintiffs with the former employees. Because the Court considers such a situation a viable concern, the Court has affirmatively addressed this concern in the guidelines imposed on any ex-parte communications with former employees of the Department by the Plaintiffs.
Therefore, the Court finds that Plaintiffs and their counsel may conduct ex-parte communications with former employees of the Department under the applicable ethical and procedural rules and the following guidelines:
(1) Plaintiffs' counsel shall identify themselves immediately upon contacting any former employees as the attorney representing the Plaintiffs in the instant suit and specify the purpose of the contact.
(2) Plaintiffs' counsel shall ascertain whether the former employee is associated with the Department or is represented by counsel.[6] If so, the contact must terminate immediately.
*1341 (3) Plaintiffs' counsel shall advise the former employee that participation in the interview is not mandatory and that he/she may choose not to participate or to participate only in the presence of personal counsel or counsel for the Department. Counsel must immediately terminate the interview if the former employee advises he/she does not wish to continue.
(4) Plaintiffs' counsel shall advise the former employee to avoid disclosure of privileged material. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit privileged information and shall terminate the interview should it appear that the former employee may reveal privileged matters.
(5) Plaintiffs' counsel shall create and preserve a list of all former employees contacted, the date(s) of contact(s), the length of the contact(s), and shall maintain and preserve any and all statements, notes, or other evidence of such contacts whether by phone or in person.
(6) Any information, communications, or other evidence obtained by Plaintiffs' counsel in the course of interviewing former employees of the Department may not later be used by the Plaintiffs against the Department as a binding admission for the purposes of Rule 801(d)(2)(d) of the Federal Rules of Evidence.[7]
(7) Should the Defendants have reason to believe that a violation of either the ethical rules or this Court's Order has occurred, the Defendants shall file an appropriate motion with this Court.

Current Employees
Whereas Rule 4-4.2 of the Florida Rules of Professional Conduct does not speak to communications with former employees of an employer-defendant the Comment to the rule specifically prohibits attorneys from communicating with persons who are represented by counsel. When dealing with current employees the analysis, therefore, raises additional ethical problems and a host of additional considerations.
It is the Court's view that there is no appropriate bright-line rule to follow in considering whether ex-parte interviews of current employees should be permitted and in considering the needs of the parties in all cases. See Morrison v. Brandeis Univ., 125 F.R.D. 14, 16-18 (D.Mass.1989). Rather, the better analysis is to balance the competing interests: a plaintiff's need to conduct discovery, investigate, and gather information on an informal basis and the defendant's need to protect communications and for adequate and effective representation. See id. at 18; see also Suggs v. Capital Cities/ABC, Inc., 1990 WL 182314 (S.D.N.Y.1990); Felicia Ruth Reid, Comment, Ethical Limitations On Investigating Employment Discrimination Claims: The Prohibition On Ex Parte Contact With A Defendant's Employees, 24 U.C. Davis L.Rev. 1243, 1308-09 (1991)("Courts ... have latitude to tailor informal discovery orders taking into account the particular interests of the parties involved.... [C]ourts should take the opportunity in appropriate cases to do justice among the parties by engaging in a case-by-case balancing of their interests.")
Plaintiffs argue that many of the witnesses to the discriminatory actions alleged in the Complaint still work for the Department and that some witnesses who have "supportive testimony" are afraid and have refused to step forward as witnesses. Doc. 78, pp. 2,3, Case No.5:00-Civ-100-Oc-10. *1342 Plaintiffs' allege that "[t]he Department's para-military structure affords it an inherent ability to limit access to its employees and information at its state prisons." Id. at 4. Further, the Plaintiffs' propose that the cost of pursuing formal discovery in this case with the large number of parties involved would be prohibitive. See id. At the hearing on this matter, the Plaintiffs' stated that their request anticipated interviewing only "rank and file" employees who may be third party witnesses to the discriminatory actions alleged, that they anticipated needing to interview approximately 60 current employees, and that they have and would continue to decline expanding their representation beyond the current group.[8]
The Department, and other individually named Defendants argue that Plaintiffs should not be able to interview current employees because actions and statements of current employees can be imputed to the Department for purposes of liability, or constitute admissions on behalf of the Department, and, therefore, should be considered "parties" to this action. Doc. 86, p. 3, Case No. 5:00-Civ-100-Oc-10. Further, the Department argues that allowing interviews of current employees will "permit the statements of low-level Department employees to come into evidence as non-hearsay admissions against the Department for purposes of liability in this action." Doc. 106, p. 5, Case No. 5:00-Civ-100-Oc-10.
Rule 1 of the Federal Rules of Civil Procedure provides, in part, that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." To refuse the Plaintiffs' request to interview current employees, and former employees for that matter, and force them to take hundreds of depositions to obtain the information that they need to go forward with their case, would seemingly contradict the goal set forth in Rule 1 because it would certainly not allow for a speedy or inexpensive determination of the action. See Frey v. Department of Health and Human Serv., 106 F.R.D. 32, 36 (E.D.N.Y.1985)("to permit the [defendant] to barricade huge numbers of potential witnesses from interviews except through costly discovery procedures, may well frustrate the right of an individual plaintiff with limited resources to a fair trial"). Therefore, the Court concludes that allowing the Plaintiffs to interview current employees, within a framework of protective guidelines determined by the Court, is appropriate in this case.
Because Rule 801(d)(2)(d) of the Federal Rules of Evidence is a pivotal concern, the Court has devised guidelines within which the Plaintiffs may interview current employees. One such guideline, set forth in detail below, is devised to exclude "managerial" personnel and other "control group" type personnel from the group of current employees available to be interviewed by the Plaintiffs because these are the types of employees whose statements could generally be construed as an admission of a party-opponent under FRE 801(d)(2)(d). These are the type of individuals who are typically considered "parties" because of their involvement in the suit or because of their involvement in the management and policy making of the defendant. This is not, however, the only analysis of whether the statements may be considered admissions.
The appropriate inquiry in determining whether a statement is admissible as an admission is whether the employee was authorized to act for the employer regarding the matter about which he/she spoke. See Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir.1991)(holding that hearsay statements of a cabin steward, suggesting that the cruise line had prior knowledge of problems, *1343 was improperly admitted as an admission of a party-opponent because the statement the steward made did not concern a matter within the scope of his agency or employment). In this case, while the Plaintiffs have stated that they intend to interview what they term "rank and file" employees  and ordinarily these types of employees should not be in the position to make statements that could be considered admissions of the Department  there is no way to definitively prevent this from happening.[9] Therefore, as with former employees, the Court has imposed a guideline/limitation, set forth in further detail below, which prevents the Plaintiffs from using an admission, if any, obtained during an interview of a current employee against the Department later under FRE 801(d)(2)(d).[10]
Therefore, the Court concludes that Plaintiffs and their counsel may conduct ex-parte communications with current employees of the Department under the applicable ethical and procedural rules and the following guidelines:
(1) Plaintiffs' counsel may seek to interview current employees of the Department. Plaintiffs' counsel shall provide the Department and/or their counsel with a list of all current employees that they seek to interview.
(2) The Department through counsel will have ten (10) working days to review the list of current employees to be interviewed and identify those considered to be "managerial" or "control group" employees.
(3) Plaintiffs shall not interview those current employees identified as "managerial" or "control group" by the Department without the permission of the Department's counsel.
(4) The Department through counsel shall draft a letter, obtaining input and suggestions from the other parties, and submit it to the Court for review and approval on or before July 31, 2000. After being approved by the Court, the letter will be sent by the Department's counsel to each current employee that the Plaintiffs list as a potential interview. The letter should include language stating the following: (a) they may be contacted by the Plaintiffs for an interview; (b) they may participate in the interview if they wish to, or not; (c) they have the right to refuse to be interviewed; (d) there will be no job consequences regarding the decision to participate or not participate in the interview; (e) they have the right to have their personal attorney or the Department's attorney present during the interview if they should decide to participate; and (f) the name and phone number of the Department's attorney.
(5) Once the interviews begin, Plaintiffs' counsel shall identify themselves immediately upon contacting any current employees as the attorney representing the Plaintiffs in the instant suit and specify the purpose of the contact.
*1344 (6) Plaintiffs' counsel shall advise the current employee that participation in the interview is not mandatory and that he/she may choose not to participate or to participate only in the presence of personal counsel or counsel for the Department. Counsel must immediately terminate the interview if the current employee advises he/she does not wish to continue.
(7) Plaintiffs' counsel shall advise the current employee to avoid disclosure of privileged material. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit privileged information and shall terminate the interview should it appear that the current employee may reveal privileged matters.
(8) Plaintiffs' counsel shall create and preserve a list of all current employees contacted, the date(s) of contact(s), the length of the contact(s), and shall maintain and preserve any and all statements, notes, or other evidence of such contacts whether by phone or in person.
(9) Any information, communications, or other evidence obtained by Plaintiffs' counsel in the course of interviewing current employees of the Department may not later be used by the Plaintiffs against the Department as a binding admission for the purposes of Rule 801(d)(2)(d) of the Federal Rules of Evidence.[11]
(11) Counsel for the Department may interview any current employee listed as a potential interviewee before or after the Plaintiffs have had the opportunity to interview the witness.
(12) Should either party have reason to believe that a violation of either the ethical rules or this Court's Order has occurred, the party shall file an appropriate motion with this Court.
(13) Should the Department identify a listed current employee as "managerial" or "control group" personnel and the Plaintiffs maintain that they should be able to interview that individual, the Court will entertain on a case-by-case basis a motion for leave to interview the individual in question. However, the Court will not hear such a motion until after the parties have discussed the same in an effort to resolve the matter without involving the Court, as required under the Local Rules.
Accordingly, it is:
ORDERED AND ADJUDGED that:
(1) Plaintiffs' Motion For Leave To Interview Current Employees of the Department of Corrections (Doc. 78  Case No. 5:00-Civ-100-Oc-10; Doc. 45  Case No. 5:00-Civ-155-Oc-10; Doc. 43  Case No. 5:00-Civ-157-Oc-10; and Doc. 42  Case No. 5:00-Civ-158-Oc-10) is hereby GRANTED.
(2) Defendant Department of Corrections' Motion In Opposition To Plaintiffs' Request To Interview Department of Corrections Employees (Doc. 86  Case. No. 5:00-Civ-100-Oc-10; Doc. 54 and 58  Case No. 5:00-Civ-155-Oc-10; Doc. 54 and 59  Case No. 5:00-Civ-157-Oc-10; and Doc. 58 and 64  Case No. 5:00-Civ-158-Oc-10) is hereby DENIED.
NOTES
[1] The Order (Doc. 148) also granted the Plaintiffs' permission to interview former employees of the Department of Corrections subject to similar guidelines and protective measures.
[1] This case was recently consolidated for discovery purposes under the master case of 5:00-Civ-100-Oc-10. In the four cases there are 46 plaintiffs, including the NAACP by and through its Florida State Conference of Branches of the NAACP, and 51 defendants, excluding the Department of Corrections and Secretary Michael Moore, who are named defendants in all four cases.
[2] Rule 2.04(c) of the Local Rules for the United States District Court, Middle District of Florida, controls and provides that the professional conduct of all members of the bar of this Court "shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar."
[3] Although the Court finds these advisory opinions instructive the Court recognizes the fact that the opinions of the Ethics Committee of The Florida Bar and the decisions of the Supreme Court of Florida are not binding precedent, but are only highly persuasive and that the Court must retain the right to interpret and apply the rules as required in federal court. See In re Disciplinary Proceedings Regarding Doe, 876 F.Supp. 265, 269 (M.D.Fla. 1993) (citing In re Wilkes, 494 F.2d 472, 474-75 (5th Cir.1974)).
[4] Again, although the decision of the Supreme Court of Florida is not binding on this Court, it is considered to be highly persuasive.
[5] A district court is not bound by another district court's decision, nor by the opinion of another judge of the same district. Lang v. Reedy Creek Improvement Dist., 888 F.Supp. 1143, 1147 n.6 (M.D.Fla.1995)(quoting Fox v. Acadia State Bank, 937 F.2d 1566 (11th Cir. 1991)).
[6] By "associated with" the Court is referring to those former employees who may have been members of management or "high-level" employees who had access to privileged or confidential communications/information, participated in decision-making activities, and/or worked with the attorneys representing the Department.
[7] In preventing the Plaintiffs from using any information obtained in the course of interviewing former employees against the Department as an "admission of a party-opponent" under FRE 801(d)(2)(d), the Court does not intend the prohibition to be interpreted as a blanket prohibition of the use of such information as evidence. Simply, the Plaintiffs may not consider former employees as "nonparties" for the purposes of the ethical rules, but later assert that the former employees are "parties" for the purpose of making a binding admission against the interests of the Department. See Orlowski v. Dominick's Finer Foods, Inc., 937 F.Supp. 723, 730 (N.D.Ill. 1996).
[8] The Court recognizes that in estimating the number of current employees that the Plaintiffs' would anticipate interviewing, the number given was a true estimate and may vary to some degree.
[9] This is unlike the case of United States v. Eckerd, 35 F.Supp.2d 896 (M.D.Fla.1999). In Eckerd, two of the groups of current employees that the Government sought to interview were lower-level, non-managerial employees. See id. at 898. However, those employees were also the very individuals who had direct knowledge of, could verify, and may have been involved in the alleged fraudulent practices of the employer. See id. There was a "substantial likelihood" that any statements obtained during the ex-parte interviews would be used against the employer in a later proceeding. See id. In the case at bar, there is not a "substantial likelihood" that the individuals sought to be interviewed would make statements that could be used against the Department in a later proceeding. As an additional safeguard, to ensure that this is not the case, the Court has imposed a guideline that prevents the Plaintiffs' from using any such statement obtained during interview against the Department as an admission or to impute liability in a later proceeding.
[10] Again, the Court does not intend to exclude this information/statement from evidence completely, but it may not be used by Plaintiffs as an admission of a party-opponent under FRD 801(d)(2)(d).
[11] In preventing the Plaintiffs from using any information obtained in the course of interviewing former employees against the Department as an "admission of a party-opponent" under FRE 801(d)(2)(d), the Court does not intend the prohibition to be interpreted as a blanket prohibition of the use of such information as evidence. Simply, the Plaintiffs may not consider former employees as "non-parties" for the purposes of the ethical rules, but later assert that the former employees are "parties" for the purpose of making a binding admission against the interests of the Department. See Orlowski v. Dominick's Finer Foods, Inc., 937 F.Supp. 723, 730 (N.D.Ill. 1996).