ON MOTION FOR CLARIFICATION AND CORRECTION
PER CURIAM.
We grant Brenda Nestor’s motion for clarification and correction. The opinion issued on August 13, 2003, is hereby withdrawn, and the following opinion is substituted in its place.
In this consolidated petition, Security Management Corp. (“SMC”) and Brenda Nestor, as personal representative of Victor Posner’s estate, seek a writ of certiora-ri to quash an order of the trial court which declares a confidentiality agreement between Posner and Jeffrey Breen to be null and void. The petition is denied.
Victor Posner died in 2002. Several months prior to Posner’s death, Nestor had all Posner employees sign confidentiality agreements which bar the disclosure of any information regarding Posner’s “private life, plans, businesses, finances, assets, liabilities, income, expenses and expenditures, legal matters, visitors, acquaintances, meetings, activities, state of mind, health or health care ... except to the extent required by law.” All applicable privileges belonged to Posner personally, even if the employee was employed by a related company and not Posner himself. The agreement also required employees to exert all applicable privileges and, if requested to divulge confidential information, employees were to immediately notify Posner or Posner’s attorney.
Nestor is involved in a will contest with Posner’s grandchildren, the respondents to this petition. Breen is a witness to the contested will. The grandchildren contacted Breen in order to ascertain Posner’s testamentary capacity at the time he signed the will and to determine whether the will was the result of undue influence by Nestor. Nestor arranged for Breen to meet with the grandchildren and had the meeting secretly taped. SMC then brought suit against the grandchildren for tortious interference with Breen’s confidentiality agreement.
The grandchildren moved to have the confidentiality agreements nullified so they can conduct informal discovery interviews with Breen and other Posner employees. The trial court nullified the agreement as to Breen to the extent that it bars appropriate witness interviews, but not as to any others.
Although the trial court allowed SMC to intervene as a third party beneficiary, the confidentiality agreement does not protect SMC, only “Posner and key persons in his related companies (including Melvin Colvin, Brenda Nestor, and Pos-ner’s medical personnel, accountants, attorneys, and private investigators).” SMC *955 is therefore not a third-party beneficiary to the agreement between Posner and Breen and lacks standing to contest its validity.
Neither can Nestor, as personal representative, enforce the agreement against Breen for disclosing information about Posner because Posner’s privilege did not survive his death. Privacy rights are personal and die with the individual. See Williams v. City of Minneola, 575 So.2d 683, 689 (Fla. 5th DCA 1991), citing to Restatement (Second) of Torts § 6521 (“Except for the appropriation of one’s name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded.”). Although the agreement survives the employee’s employment, there is no provision that requires confidentiality after Posner’s death.
Even if the petitioners have standing, Breen may still disclose information to the extent required by law, as stated in the agreement. The petitioners agree that Breen can disclose the information the grandchildren seek, but urge that Breen only be allowed to disclose information at a formal deposition or at trial. Contractual confidentiality agreements, however, cannot be used to adversely interfere with the ability of nonparties to pursue discovery in support of their case. See Smith v. TIB Bank of the Keys, 687 So.2d 895, 896 (Fla. 3d DCA 1997); Scott v. Nelson, 697 So.2d 1300, 1301 (Fla. 1st DCA 1997) (“[S]ettlement agreements which suppress evidence violate the greater public policy.”). Informal ex parte interviews with former employees are allowed, see H.B.A. Mgmt., Inc. v. Estate of Schwartz, 693 So.2d 541, 544-45 (Fla.1997), and ex parte interviews with current employees may be allowed as well. See NAACP v. Florida Dept. Of Corrections, 122 F.Supp.2d 1335, 1341 (M.D.Fla.2000). We thus find no need to make the grandchildren jump through legal hoops to obtain information the petitioners agree may be disclosed.
The trial court based its ruling in part on Florida Rule of Civil Procedure 1.010 which states that “[t]hese rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.” The petitioners seek a ruling which effectively would force the grandchildren to undergo unnecessary and costly discovery procedures, contrary to the goals that underlie rule 1.010. Because the trial court has broad discretion in discovery matters, see Dickinson v. Wells, 454 So.2d 758, 759 (Fla. 1st DCA 1984), and there has been no clear departure from the essential requirements of law which results in a miscarriage of justice, we deny certiorari review.